UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JIMMIE CLIFTON GREEN,

        Plaintiff,

        v.                                              Case No. 23-cv-1163-bhl

RONALD COATS,

        Defendant.

---

## DECISION AND ORDER

---

      Plaintiff Jimmie Clifton Green is representing himself in this 42 U.S.C. §1983 case. The Court screened the complaint on October 16, 2023, and allowed Green to proceed on an Eighth Amendment claim based on allegations that Defendant used a slingshot to shoot Green in the eye, causing him severe pain and injury. Dkt. No. 7. On August 29 and September 3, 2024, Green filed two motions to compel, and on September 23, 2024, he filed a motion to appoint counsel. The Court will deny Green's motions for the reasons explained below.

      With regard to Green's motions to compel, Defendant explains that Green served his discovery requests after discovery had closed. Defendant's counsel sent a letter response to Green explaining that Defendant would not respond to his discovery requests because they were not timely served. Defendant also notes that, as a courtesy, counsel provided Green with some documents that were readily available and gave him the contact information of the court reporter so he could request a copy of the deposition transcript.

      The Court will deny Green's motions to compel because the scheduling order clearly states that "the parties must serve their requests at least sixty days *before* the deadline to allow the

opposing party sufficient time under the rules to respond by the deadline." Dkt. No. 13. The Court understands that Green has limited education and no legal training, but that does not relieve him of the obligation to closely review and follow the Court's straightforward orders. Also, as will be discussed in more detail below, Green's claim is uncomplicated and will largely turn on the parties' recollection of what happened. The Court reminds Green that summary judgment rises or falls on whether there is a genuine dispute of material fact. In responding to a summary judgment motion, Green must indicate which facts asserted by Defendant are in dispute. Given the nature of Green's claim, he should be able to do this based only on his memory of what happened; it is doubtful that he needs any written discovery to identify which facts asserted by Defendant are in dispute.

The Court will also deny without prejudice Green's motion to appoint counsel. As previously stated, Green asserts that he has limited education and no legal experience. He explains that he has tried his best to litigate, but he does not understand what to do and he does not have any help. He also notes that he has been transferred to different institutions and has been housed in segregation, making it difficult for him to access the law library.

In a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). Accordingly, in exercising its discretion, the Court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff

appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)).

To satisfy the first prong, a plaintiff must provide evidence showing that he contacted at least three lawyers in an effort to locate a lawyer without the Court's assistance. A plaintiff must provide the names and addresses of the lawyers he contacted and the dates he contacted them; he must also include copies of any responses he received. Green does not state whether he tried to locate a lawyer without the Court's assistance, so he has not satisfied the first prong. Further, even if Green *had* satisfied the first prong, the Court would deny his motion because he appears capable of representing himself through the briefing of summary judgment. When considering whether a plaintiff has the capacity to represent himself, the Court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Pennewell v. Parish*, 923 F.3d 486, 491 (7th Cir. 2019).

Despite Green's limited education, nothing in his complaint or the motions he has filed suggests that he is unable to respond to a motion for summary judgment. Green's claim that Defendant used a slingshot to shoot him in the eye is uncomplicated and will largely turn on his recollection of what happened. Green is capable of presenting the material facts of his case and identifying which facts asserted by Defendant are in dispute without the assistance of counsel. If new challenges arise that Green does not believe he can overcome on his own, he may renew his motion. If he does so, he must include evidence that he has made efforts to locate a lawyer and he should be specific about the challenges he faces and how he has tried to overcome them. To the extent Green has general questions about the litigation process, he is encouraged to review the

3

guide the Court sent along with the screening order. It contains information, including a glossary of legal terms, that Green may find helpful.

**IT IS THEREFORE ORDERED** that Green's motions to compel (Dkt. Nos. 22, 23) are **DENIED** and his motion to appoint counsel (Dkt. No. 26) is **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin on October 3, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge