UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JIMMIE CLIFTON GREEN,

        Plaintiff,

        v.                              Case No. 23-cv-1163-bhl

RONALD COATS,

        Defendant.

---

## DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

Plaintiff Jimmie Clifton Green, an inmate at the Waupun Correctional Institution, is representing himself in this 42 U.S.C. §1983 action. He is proceeding on an Eighth Amendment claim based on allegations that Defendant Ronald Coats inflicted cruel and unusual punishment on him when he hit Green in the nose and corner of the eye with a post-it note that Coats flung from a rubber band wrapped around his finger. On October 14, 2024, Defendant moved for summary judgment. For the reasons explained below, the Court will grant the motion and dismiss this case.

### BACKGROUND

At the relevant time, Green was incarcerated at the Redgranite Correctional Institution, where Coats was employed as a correctional sergeant. On July 4, 2023, Green approached the sergeant's station to speak with Coats, who was fidgeting with a rubber band and a post-it note. Coats explains that he has severe anxiety, so he often fidgets with small objects. He asserts that he had wrapped the paper in the rubber band and was twisting and untwisting the rubber band

around the paper and releasing the rubber band with the paper toward the desk. Dkt. Nos. 34, 47 at ¶¶1-12.

According to Green, when he approached to speak with Coats, he saw Coats with the rubber band on his left finger with some paper. Green asserts that Coats pulled the rubber band back and released the paper, which hit him on the left side of his nose and in the area of his eye. According to Coats, he accidentally released the paper as he placed the rubber band on the desk. The paper left no noticeable marks on Green's face. Green was later escorted to the health services unit where the nurse reported that there was no redness, laceration, bruising, lumps, bumps, or major deformities or open areas noted. Green also denied any changes to his vision, although he later complained of sensitivity to light. Green also asserts that, since the incident, he has suffered from depression, severe anxiety, and fear of being attacked by officers. Dkt. Nos. 34, 47 at ¶¶13-36; Dkt. No. 36 at 3-4.

**LEGAL STANDARD**

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show

that there is some metaphysical doubt as to the material facts." *Id*. Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

## ANALYSIS

The Supreme Court has recognized that "[w]hen prison officials maliciously and sadistically use force to cause harm, . . . contemporary standards of decency are always violated . . . whether or not significant injury is evident." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). Importantly, the Supreme Court has qualified this pronouncement with a commonsense observation acknowledging that "not every malevolent touch by a prison guard gives rise to a federal cause of action. . . . The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 37-38 (citing *Hudson*, 503 U.S. at 9-11). "An inmate who complains of a 'push or shove' that causes no discernable injury almost certainly fails to state a valid excessive force claim." *Id.* at 38.

Using a rubber band to propel a small piece of folded paper at someone is juvenile and unprofessional. Indeed, one would expect such conduct from a middle-schooler, not a professional corrections officer. But, even assuming Coats intentionally released the paper toward Green's face, no jury could reasonably conclude that such a *de minimis* use of force is constitutionally problematic. Green was understandably surprised after being hit by the paper, but his surprise does not support an Eighth Amendment claim. Coats' conduct, particularly if he acted intentionally, might warrant internal discipline, but it cannot be characterized as "repugnant to the

3

conscience of mankind."  Accordingly, with a fuller development of the record, it is clear that Green cannot maintain an Eighth Amendment claim against Coats based on this unfortunate, but constitutionally insignificant, incident.  Coats is therefore entitled to summary judgment.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's motion for summary judgment (Dkt. No. 32) is **GRANTED** and that this action is **DISMISSED**.  The clerk of court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on January 22, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final.  Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment.  *See* Fed. R. App. P. 3, 4.  This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline.  *See* Fed. R. App. P. 4(a)(5)(A).  If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome.  If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court.  *See* Fed. R. App. P. 24(a)(1).  Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious.  *See* 28 U.S.C. §1915(g).  If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury.  *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b).  Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment.  Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment.  The Court cannot extend these deadlines.  *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.